IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TROY M.**[1], <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>**ANDREW M. SAUL,** Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. 2:18-cv-00393-SI <br><br>**OPINION AND ORDER** |

Lisa R.J. Porter, JP Law PC. 5200 SW Meadows Rd., Suite 150. Lake Oswego, OR 97035. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Martha A. Boden, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　Troy M. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. For the following reasons, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born on June 17, 1976, and was 39 years old on the date last insured. AR 30. Plaintiff has a high school education. AR 30. Plaintiff's alleged disability onset date was November 23, 2009. AR 22. Plaintiff filed a Title II application for a period of disability and

PAGE 2 – OPINION AND ORDER

disability insurance benefits on February 7, 2014. AR 20. Plaintiff was initially denied on June 30, 2014, and again on reconsideration on October 29, 2014. Plaintiff requested a hearing before an ALJ on November 26, 2014. The ALJ conducted hearings on September 28, 2016. AR 39. The ALJ concluded that Plaintiff was not disabled. AR 31. The Appeals Council declined review on January 8, 2018, and Plaintiff filed an appeal in this Court.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R.

|   |   |   |
|---|---|---|
|   |   | §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three. |
|   | 3. | Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four. |
|   | 4. | Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five. |
|   | 5. | Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.* |

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date through the date last insured. At step two, the ALJ found that Plaintiff had the following severe impairment: cognitive disorder with associated seizure disorder. At step three, the ALJ found that that the Plaintiff's severe impairment did not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then found that the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) through the date last insured. The ALJ noted that the Plaintiff must work in a workplace free from hazardous machinery, and that Plaintiff cannot drive, work at heights, or balance. The ALJ found that Plaintiff is capable of engaging in unskilled, repetitive, routine tasks in two hour increments. The ALJ also found that Plaintiff would be off task up to 10% of the time at work and must work at his own pace, but would still meet minimum production requirements of a job. The ALJ found that the Plaintiff would likely be absent from work six times per year.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from November 23, 2009, the alleged onset date, through September 30, 2016, the date last insured.

PAGE 5 – OPINION AND ORDER

**DISCUSSION**

Plaintiff argues that this case should be remanded with instructions to award benefits. Plaintiff argues that a remand is warranted because the ALJ made four legal errors regarding the (1) adverse determination about Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms; (2) assessment of lay-witness testimony; (3) rejection or omission of medical opinion evidence; and (4) incorporation of medical findings into Plaintiff's RFC. The Court addresses each argument in turn.

**1. Evaluation of Plaintiff's Subjective Complaints**

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 25. Plaintiff argues that the ALJ "picked out information that suits only his narrative, noting that while [Plaintiff] was generally observed as guarded, suspicious, or hypervigilant, on one occasion, he was noted as stating he was feeling 'pretty good.'" ECF 15. Plaintiff argues that this single statement is not indicative of Plaintiff's ability to work full-time, and that the ALJ "did not demonstrate through clear and convincing evidence that [Plaintiff] does not experience the symptoms that he alleges." ECF 15.

The ALJ did not find that Plaintiff does not experience the symptoms that he alleged, however, but instead found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. The ALJ therefore found that Plaintiff's symptoms would "affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." AR 25.

The ALJ did not use Plaintiff's statement that he was feeling "pretty good" as the basis for the ALJ's determination that the record as a whole did not support the severity of impairments that Plaintiff alleged. Instead, the ALJ found that Plaintiff's description of the severity of his symptoms was inconsistent with the daily activities that Plaintiff admitted engaging in, such as preparing children for school, performing household chores, and preparing dinners for his wife and children. AR 29. Plaintiff argues that none of these activities indicate that Plaintiff is capable of working fulltime, but the ALJ was citing these activities as evidence that did not support the severity of impairments that Plaintiff claimed. An ALJ may reject testimony inconsistent with the medical and other evidence. *Carmickle v. Comm'r Soc. Sec.,* 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ also noted that the Plaintiff "repeatedly indicates" that Plaintiff "could feel his seizures coming on and take preventative measures, which suggest that such seizures do not limit the claimant's function as much as alleged." AR 29. Plaintiff argues that he does not always receive adequate notice that he is about to have a seizure, but here, too, the ALJ was referencing objective evidence (namely other portions of Plaintiff's testimony) that was inconsistent with the extent of Plaintiff's symptom testimony.

The ALJ referenced several other pieces of objective evidence that seemingly conflicted with the Plaintiff's subjective symptom testimony regarding the limiting effects of his symptoms, including Plaintiff's attendance at school, Plaintiff's operation of a motor vehicle, and symptom improvement with medication. AR 29 "If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court does not agree with all of the ALJ's reasons for discounting Plaintiff's testimony, notably the ALJ's finding that Plaintiff's

"treatment records detail a generally conservative treatment pattern." AR 29. As Plaintiff correctly points out, Plaintiff did not have insurance, and disability benefits may not be denied because of a claimant's failure to obtain treatment because of lack of funds. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). But not all of an ALJ's reasons for discounting a claimant's testimony must be upheld, so long as substantial evidence supports the ALJ's determination. *Carmickle,* 533 F.3d at 1162.

Here, the substantial evidence supports the ALJ's determination. The ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints about the severity of his symptoms and, therefore, the Court does not overturn the ALJ's finding.

### 2. Assessment of Lay-Witness Testimony

The ALJ gave little weight to the testimony submitted by Plaintiff's father and by Plaintiff's wife. AR 28. Non-acceptable medical sources, such as family members, are defined as "other" sources under the regulations. 20 C.F.R. § 404.1513(d)(4). Other sources are not entitled to the same deference as those who are considered acceptable medical sources. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). In rejecting testimony from other sources, the ALJ need only give "arguably germane reasons," and need "not clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); *see also Molina*, 674 F.3d at 1114.

Both witnesses submitted testimony that Plaintiff had suffered residual effects from seizures for up to three days, including losing the ability to speak. The ALJ found that the record did not show that Plaintiff suffered from symptoms three days after his seizures. Plaintiff argues that this was error because the "record as a whole supports" the statements made by the lay witnesses. But the specific portions of the record Plaintiff cites as support demonstrate periods of side effects that are shorter than three days, including losing eyesight for 4-5 hours or "periods" of grogginess following a seizure. AR 723, 731. Plaintiff has not cited evidence in the record that

PAGE 8 – OPINION AND ORDER

contradicts the ALJ's "arguably germane reason" to give little weight to this lay-witness testimony. Further, the ALJ "assigned an additional six days off of work per year based on the claimant's alleged potential seizure recovery time." AR 29. The Court, therefore, does not find error in the ALJ's assignment of little weight to the lay-witness testimony.

### 3. Assessment of Medical Opinion Evidence

Plaintiff argues that the ALJ erred in giving little weight to specific aspects of the opinion of examining psychologist Stephen Condon, Ph.D. ECF 15. Plaintiff correctly notes that an ALJ must provide "clear and convincing" reasons for rejecting uncontroverted medical opinions from treating or examining medical providers. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Plaintiff misstates the exact findings made by the ALJ, however, as the ALJ did not "state[] that Dr. Condon's medical opinion was inconsistent with [Plaintiff's] daily activities." ECF 15. Instead, the ALJ found that Dr. Condon's specific opinion "that the claimant would be unable to meet social interaction requirements" was contradicted with Plaintiff's testimony about such activities. AR 27. The ALJ gave partial weight to other aspects of the opinions of Dr. Condon, and based on those opinions, the ALJ "assigned the claimant a residual functional capacity, with unskilled, repetitive routine tasks, without strict pace requirements." AR 27. The ALJ therefore did not err in discounting the specific aspects of Dr. Condon's opinion that the ALJ gave less weight to. *See Batson*, 359 F.3d at 1195 (holding that an ALJ may discredit physicians' opinions that are unsupported by the record as a whole).

### 4. Incorporation of Medical Findings into Plaintiff's RFC

Plaintiff asserts that the ALJ's RFC assessment did not adequately reflect the effect of Plaintiff's impairments on his ability to function because the ALJ failed to accept the extent of the limitations reflected in the record, and specifically failed to assess whether Plaintiff is capable of working on a "regular and continuing basis." ECF 15.

Social Security regulations define residual functional capacity as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 200.00(c). Plaintiff cites *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998), in which the Circuit held that the ALJ erred in failing to address the claimant's ability to undertake *sustained* work activity. In that case, however, the claimant's disability was based on chronic fatigue syndrome, and the Circuit noted that the ALJ's evaluation of RFC "ignored the key symptom of [chronic fatigue syndrome], which is persistent fatigue." *Id.* In this case, in contrast, the ALJ did not ignore the symptoms of Plaintiff's impairment, nor the impact of those symptoms on Plaintiff's ability to undertake sustained work activity. The ALJ's RFC finding expressly limited Plaintiff's ability to work to two-hour increments. The ALJ did not ignore the key symptoms that Plaintiff alleged, but instead discounted Plaintiff's descriptions of their intensity and persistence. The Court therefore concludes that the ALJ's RFC finding was supported by the record as a whole.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 21st day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge